## Case No. 10,423.

### The OCTAVIA.

[1 Mason, 149.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1816.

ADMIRALTY—BOND FOR APPRAISED VALUE — PROCEEDING IN REM AGAINST OBLIGORS.

In proceedings in rem, upon a bond for the appraised value given jointly and severally, if one of the obligors dies, the court will proceed against the survivors, or, at the option of the plaintiffs, against the representative of the deceased also.

[Cited in The Wanata v. Avery, 95 U. S. 617; U. S. v. Ames, 99 U. S. 41.]

The ship Octavia was condemned in the circuit court, as forfeited to the United States [Case No. 10,422], and that decree was affirmed in the supreme court, and a mandate directed to the circuit court to proceed to a due execution of the decree. [1 Wheat. (14 U. S.) 20.] The ship, pending the suit, was delivered to the claimants, upon their giving a joint and several bond with surety for the appraised value with the usual condition. After the affirmation of the decree, William Nichols, one of the claimants, deceased; and the district attorney at this term, with a view to relieve the surety, prayed for a monition against the administrators of the intestate, to show cause why a summary judgment should not be rendered against them upon the bond aforesaid. The monition was accordingly granted, and at the return day the administrators did not appear, but made default. And now, the district attorney prayed the court to grant separate judgments and executions upon the bond aforesaid against the administrators, and also against the other parties to the bond. The court, considering this as a new point, in respect to which the practice had not been settled, took time to consider.

G. Blake, for the United States.
Prescott & Gallison, for the surety.

STORY, Circuit Justice. The bond in this case is joint and several, and being taken in a proceeding on the instance side of the court, it is to all intents and purposes a stipulation in the admiralty. It was not from any doubt entertained upon the subject, but simply with a view to consider, what ought to be the practice, that we took time to advise. When any one of the parties to a bond, or stipulation, dies, pending the proceedings, there is no doubt, that this court may, by monition, proceed against the administrators or executors of the deceased. The 31st section of the act of 1789, c. 20 [1 Stat. 90], applies more immediately to suits in personam; but, if it were necessary, we should think, that its equity extended to this case. It is not, however, necessary to place this point upon that statute; for independent of any positive acts, the court has a right, in the exercise of its general admiralty jurisdiction, to reach the effects of the deceased in the hands of his representative. In this case it is at the option of the attorney for the United States to take his separate judgments and executions against the surviving parties to the bond; or to proceed simultaneously against the administrator of the deceased obligor. One satisfaction only, however, can be taken upon the executions. If the surety in this case will bring the money into this court, subject to its order, we will, with the assent of the district attorney, in the exercise of the equitable jurisdiction of the admiralty, allow him to proceed against the principals in the bond and their representatives, in the name of the United States, to enforce his indemnity.

## Case No. 10,424.

### The OCTOROON CASE.

[See Cases Nos. 1,691 and 1,693.]